UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

NADINE BLACK                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 1:06cv1104-LTS-RHW

CHARLES HIGLEY AND NATIONWIDE                                            DEFENDANTS
MUTUAL INSURANCE COMPANY

### ORDER

An [39] Order for Mediation was entered in this cause on April 13, 2007. The mediation is scheduled to take place on June 6, 2007. Plaintiff requests [41] to be excused from personally attending the mediation session. While the Court is sympathetic to Plaintiff's plight, the request is not well taken and relief cannot be granted.

The two grounds offered by Plaintiff are that she has relocated to Bartlesville, Oklahoma, and has limited financial means to travel to Mississippi for the mediation; and that she is disabled to the point that she is legally blind, does not have a driver's license, and her means of travel are limited. Plaintiff offers to be available by telephone to participate. The [41] motion also states that Plaintiff's counsel is authorized to state that Defendants do not object to Plaintiff's request "*on the condition that plaintiff not object to a defense request that defendant, Charles Higley, likewise be excused from personally attending the mediation*," a concession that Plaintiff is willing to make (emphasis added).

Plaintiff is not alone in suffering financial hardship as a result of Hurricane Katrina, and she, like all others before this Court, is entitled to seek legal redress. However, when her original complaint was filed in state court prior to [1] removal, Plaintiff was a resident of Bartlesville, Oklahoma, who was able to retain counsel in Florida to represent her in Mississippi.

Among the reasons that the court-ordered mediations take place in the United States Courthouse are to emphasize the serious obligations undertaken by any party pursuing legal action in court, and to remind them that this is the forum in which their case will be tried. Further, easy access is available to an appropriate United States Magistrate Judge in the event that any issue must be resolved in the course of the mediation.

The Court's successful mediation program has worked because of many factors, not the least of which is the attendance of the parties and their counsel. The Court agrees with Plaintiff that the purpose of mediation is to settle legal disputes, but it must be remembered that the legal action was undertaken by Plaintiff, which triggered the entire process associated with it, including mediation.

The [39] order is not a bargaining tool for the parties to determine or concede who will or will not attend the mediation. Likewise, there is no justification to change the Court's procedure with respect to mediation.

Accordingly, **IT IS ORDERED**:

Plaintiff's [41] Motion to be Excused from Personally Attending Court-Ordered Mediation is **DENIED**. Failure in any regard to comply with the [39] Order for Mediation and any related matters may result in the imposition of sanctions.

**SO ORDERED** this the 9th day of May, 2007.

                                                                                  s/ L. T. Senter, Jr.
                                                                                  L. T. SENTER, JR.
                                                                                  SENIOR JUDGE